JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
LINDA S. FANG (CA Bar No. 240245)
(Email: lfang@gslaw.org)
NHU Q. LE (CA Bar No. 256999)
(Email: nle@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Tel: (323) 938-3000, Fax: (323) 937-9139

RICHARD ROUCO (*pro hac vice*)
(Email: rrouco@qcdwr.com)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Tel: (205) 870-9989, Fax: (205) 803-4142

Attorneys for Plaintiffs Benjamin Burgess and Michael Irwin

WILLIAM DRITSAS (CA Bar No. 97523)
(Email: wdritsas@seyfarth.com)
**SEYFARTH SHAW LLP**
560 Mission Street, 31st Floor
San Francisco, California 94105
Tel: (415) 397-2823, Fax: (415) 397-8549

TIMOTHY M. RUSCHE (CA Bar No. 230036)
(Email: trusche@seyfarth.com)
**SEYFARTH SHAW LLP**
333 South Hope Street, Suite 3900
Los Angeles, California 90071
Tel: (213) 270-9600, Fax: (213) 270-9601

Attorneys for Defendant Tesoro Refining and Marketing Company

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN BURGESS and MICHAEL IRWIN, individually and on behalf of all similarly situated current and former employees, | Case No. 10-cv-05870 VBF (PLAx) |
| | Hon. Paul L. Abrams for Discovery Matters |
| Plaintiffs, | **JOINT STIPULATION RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| v. | Date:        July 12, 2011 |
| | Time:        10:00 a.m. |
| TESORO REFINING AND MARKETING COMPANY, and DOES 1 through 10, inclusive, | Courtroom:  G, 9th Floor |
| | Discovery Cut-Off Date: August 15, 2011 |
| Defendants. | Pre-Trial Conf. Date: October 24, 2011 |
| | Trial Date: November 8, 2011 |

## **<ins>TABLE OF CONTENTS</ins>**

**INTRODUCTORY STATEMENTS** ............................................................ 1

I.      Plaintiff's Introductory Statement ........................................................ 1

II.     Tesoro's Introductory Statement ......................................................... 2

**STATEMENT OF DISPUTED ISSUES**

I.      Plaintiff's Arguments in Support of Motion for Protective Order ........................... 4

      A.      Facts and Procedural History ................................................... 4

      B.      Points and Authorities ......................................................... 6

            1.      Tesoro Cannot Make a "Strong Showing" That the Discovery It Seeks is Not Designed to Reduce Class Size, is Necessary, Would Not Require the Assistance of Counsel, and Does Not Seek Information Already Known by Tesoro ...................................... 8

                 a.      Concerns Related to Intimidation and Harassment of Class Members are Particularly Compelling in This Context .................................................. 8

                 b.      Tesoro Has Failed to Demonstrate Particularized Need For the Depositions It Seeks ............................... 9

                 c.      Compliance With the Deposition Subpoenas Would Be Unduly Burdensome ...................................... 12

            2.      Conducting Discovery For the Purpose of Manufacturing "New Evidence to Support a Motion to Decertify is Improper and Should Not Be Permitted ................................... 12

            3.      Plaintiff's General Designation of All Operators at the Refinery As Possible Fact Witnesses Does Not Justify Tesoro's Request to Depose Non-Participant Absent Class Members .......................... 14

            4.      If the Court is Inclined to Allow Some Discovery From Non-Participant Absent Class Members, It Should Strictly Limit the Scope and Quantity of the Discovery ............................ 15

II.     Tesoro's Argument ........................................................... 16

      A.      Facts and Procedural History ................................................. 16

      B.      Tesoro's Points and Authorities. ............................................. 21

            1.      There Is No Basis To Prevent Tesoro From Taking Depositions Of Individuals Plaintiff Identified as Percipient Fact Witnesses. .......... 21

            2.      Tesoro Is Entitled To Take Class Member Depositions .................... 24

                 a.      Tesoro's need for the depositions meets the legal standard. .............................................. 25

b.      Tesoro Did Not Seek The Requested Discovery Without
        Leave of the Court. ..................................................................26

        i.      Deposing absent class members presents no
                concerns of harassment or intimidation. .......................26

        ii.     Tesoro has a particularized need for the
                depositions...................................................................27

        iii.    Absent class members will not require the
                assistance of counsel at their deposition. ......................30

        iv.     The depositions sought are not unduly
                burdensome. ..................................................................31

c.      The Need To Conduct Discovery Does Not End At Class
        Certification. ..........................................................................31

3.      Plaintiff's Proposed Limits On the Scope of the Depositions ...........33

The parties file this Joint Stipulation pursuant to Local Rule 37-2 in connection with Plaintiff Benjamin Burgess's Motion for Protective Order under Federal Rule of Civil Procedure 26(c). In accordance with Local Rule 37-1, the parties have met and conferred in good faith to resolve this dispute, but were unable to do so.

## INTRODUCTORY STATEMENTS

### I.     Plaintiff's Introductory Statement

Tesoro seeks to depose at least two absent class members who have not participated in the proceedings in any way, notwithstanding the fact that discovery of absent class members is rarely allowed and, under most circumstances, patently improper, and further notwithstanding the fact Tesoro has already served deposition subpoenas on four absent class members who submitted declarations in this case. Tesoro has not obtained leave of court to conduct discovery of these absent class members and it does not make the necessary "strong showing" to justify the discovery it seeks. First, Tesoro does not point to *any* specific information it seeks from the proposed depositions, let alone that such information is necessary to its defense and cannot be obtained from other sources. Second, in light of compelling concerns regarding the potential for intimidation and harassment of absent class members who are also current employees of Tesoro, any purported showing by Tesoro of particularized need for these depositions should be closely scrutinized. Third, depositions of non-participant absent class members are unduly burdensome to both class counsel and to the absent class members themselves, particularly where, as here, Tesoro has already deposed the two named plaintiffs and will soon be deposing four other absent class members who submitted declarations in the case. Finally, Tesoro admits that the requested depositions are for the purpose of manufacturing "new evidence" for its planned motion to decertify the class and, given that Tesoro had ample opportunity to conduct discovery prior to resolution of Plaintiffs' motion for class certification and chose not to avail itself of this opportunity, these depositions would result in a needless waste of the Court's and the parties' time and
///

1  resources. Therefore, Tesoro should be precluded from taking the depositions of absent

2  class members who have not filed declarations or otherwise participated in this action.

3  **II.     Tesoro's Introductory Statement**

4          Plaintiff's request for a protective order should be denied, and Tesoro should be

5  permitted to take the disputed depositions for several reasons.

6          ***First***, Plaintiff misstates the scope and purpose of the depositions.  Tesoro intends to

7  take the depositions of two to eight individuals who Plaintiff twice identified as percipient

8  fact witnesses, once in his Initial Disclosures and once in response to ***verified***

9  interrogatories. Specifically, Plaintiff claimed that these individuals have knowledge of

10 "claims raised in the complaint" and were witnesses with information that would support

11 Plaintiff's *individual* claims.  Plaintiff now tries to hide behind restrictions placed on class

12 member depositions essentially arguing that his previous identification of these individuals as

13 fact witnesses was meaningless because they have not participated in the proceeding.  But,

14 Plaintiff himself has thrust these individuals into the suit and there is no authority permitting

15 him to backtrack and deny Tesoro the right to discover information they possess about the

16 lawsuit.  Plaintiff argues that because he did not specify these witnesses by name but, instead,

17 referred to them generally as putative class members or operators (a subset within the class),

18 Tesoro has no right to depose them.  But, Plaintiff's decision to refer to these witnesses

19 collectively in his disclosures and discovery responses, rather than by name, does not change

20 the fact that he made these representations about their relevant knowledge in disclosures

21 subject to Rule 11 and in ***verified*** discovery responses.

22          ***Second***, even if Plaintiff had not identified these individuals as fact witnesses, Tesoro

23 can make the necessary showing to establish its right to take their depositions, even if they

24 are considered "absent class members," which they are not.

25          ***Third***, Tesoro has identified specific information it seeks from the depositions, which

26 cannot be obtained from other sources.  Tesoro requires the depositions because the

27 proposed deponents worked in different units and on different crews, and had different

28 supervisors from Plaintiff, and their work experiences were thus different from Plaintiff's.

Tesoro also requires the depositions because the purported "meal period restrictions" upon which Plaintiff's legal theory is based applied differently to the deponents, if at all. Tesoro also requires discovery regarding the deponents different means of obtaining relief during breaks and different amounts of downtime during their shift where they were not actively performing work.

**Fourth,** there is simply no evidence that the depositions are designed to intimidate and harass absent class members, particularly given their importance to Tesoro's defense. This is particularly true given Tesoro only seeks two to eight depositions, less than Rule 30's 10-deposition limit. Such few depositions hardly resembles a scheme to harass and reduce a class including hundreds of employees.

**Fifth**, Plaintiff's claim that these two to eight depositions would be unduly burdensome should be quickly discarded. Not only has Tesoro agreed to limit the depositions to two or three hours, but it also agreed to take them during work hours and will pay the deponents their standard hourly rate. And, if class counsel does not have the resources to defend at most eight depositions for a total of a mere twenty-four hours, their ability to serve as class counsel should be questioned and class certification reversed.

**Finally**, Plaintiff's claim that Tesoro seeks depositions for the purpose of manufacturing "new evidence" for its motion to decertify the class is incorrect and confused. It is essential that Tesoro conduct these depositions in order to adequately prepare for trial, where Tesoro will challenge Plaintiff's individual claims and where he will have the burden of demonstrating beyond a preponderance of the evidence that the case can proceed as a class action. To the extent Tesoro discovers information that will be useful in its motion to decertify, which will be based on many other things, including different forms of new evidence as well as recent case law changes, Plaintiff's objections are confused. There is simply nothing wrong with including such information in a motion to decertify. The discovery deadline has not passed and motions to decertify are not subject to any restrictions about their content. They are not, as Plaintiff implies, akin to a motion to for reconsideration.

1    Accordingly, Tesoro should be permitted to conduct between two and eight class
2 member depositions.

### STATEMENT OF DISPUTED ISSUES

4    The issue is whether Tesoro has made the necessary showing to depose absent
5 class members, particularly who have not participated in the action in any way.

**I.    Plaintiff's Arguments in Support of Motion for Protective Order**

       A.    Facts and Procedural History

8    In this case, Plaintiff alleges that Tesoro failed to provide meal periods "relieved of
9 all duty" pursuant to California Labor Code sections 512 and 226.7 and Industrial
10 Welfare Commission Wage Order 1-2001 § 11 and the Unfair Competition Law,
11 Business & Professions Code § 17200 *et seq.*

12    On January 31, 2011, Plaintiffs moved to certify a class of all current and former
13 shift employees (known as "Operators") of Tesoro who worked 12-hour shifts at Tesoro's
14 Los Angeles refinery since May 11, 2007. *See* Plaintiff's Motion for Class Certification
15 (Dkt. No. 60), attached as Exhibit 1 to the Declaration of Nhu Q. Le ("Le Decl."), at 2-3.
16 Operators are paid hourly, work rotating 12-hour shifts, and are required to monitor their
17 assigned units, remain in radio communication with supervisors and co-workers, remain
18 on the refinery premises and near their designated work areas, and remain in readiness to
19 respond to alarms, radio calls, and other work instructions, at all times during their shifts.
20 *See id.* at 2-10. In addition, Operators are not permitted to engage in common break-time
21 activities at any point during their shifts, such as sleeping, reading non-work related
22 materials, and watching non-work related television or movies, because doing so might
23 interfere with their ability to monitor their units, respond to calls and alarms, and perform
24 other work duties at all times. *See id.* at 10-11. Operators also do not have scheduled or
25 designated meal breaks and, as such, calls, alarms, and work duties can arise at any point
26 during their shifts. *See id.* at 11-12. Plaintiff contends that these policies, requirements,
27 and restrictions operate to prevent class members from being relieved of all duty at any
28 ///

1   point during their shifts and, thus, deprive them of off-duty 30-minute meal periods, in

2   violation of state law.

3          In support of its motion for class certification, and over Tesoro's objections (*see*

4   Tesoro's Objections to Plaintiff's Evidence Filed iso Motion for Class Certification

5   ("Evidentiary Objections"), Dkt. No. 67-1, attached as Exhibit 2 to Le Decl.), Plaintiff

6   submitted 16 declarations from absent putative class members. Tesoro requested that the

7   declarations be stricken pursuant to Federal Rule of Civil Procedure 37(c) because

8   Plaintiff "never identified" nor "disclosed" the identities of the declarants in his initial

9   disclosures pursuant to Federal Rule of Civil Procedure 26(a) "[or] in any subsequent

10  disclosure or Interrogatory response." *See id*. at 4. The Court denied Tesoro's request for

11  exclusionary sanctions and adopted Plaintiff's argument that, even assuming the

12  nondisclosure was in violation of his discovery obligations, exclusionary sanctions were

13  not warranted because the nondisclosure was substantially justified, nonprejudicial, and

14  not in bad faith. *See* Tentative Ruling Re Motion for Class Certification ("Tentative

15  Ruling") (Dkt. 82), attached as Exhibit 3 to Le Decl., at 10 (adopted as final in the

16  Court's Minutes Re Motion for Class Certification (Dkt. 84), attached as Exhibit 4 to Le

17  Decl.).

18         On March 28, 2011, the Court certified the class in this case, finding, *inter alia*,

19  that "there are sufficient common questions of law and fact … [based on] testimony from

20  many employees that they are required to remain on the premises and in close proximity

21  to their units during meal breaks … [and] evidence that the nature of their work requires

22  employees to monitor for alarms or to monitor for other potentially urgent requests from

23  other employees [throughout their shifts]." *See* Tentative Ruling, at 5-6.

24         Tesoro could have, but did not, attempt to depose any of the absent class member

25  declarants, or any other absent class members, during the class certification proceedings.

26  Le Decl. ¶ 2. However, on May 17, 2011, <u>after</u> the Court granted Plaintiff's motion for

27  class certification, Tesoro served subpoenas for the depositions of four absent class

28  member who submitted declarations in the case. Le Decl. ¶ 3. Subsequently, on May 25,

2011, Tesoro informed Plaintiff's counsel that it planned to serve subpoenas on two additional absent class members, Robert Finegan and Conger Yun, who have not submitted declarations in this case or otherwise participated in the proceedings. Le Decl. ¶ 4. Tesoro had previously indicated to Plaintiff's counsel that these depositions are for the purpose of finding "new evidence" in support of a planned motion to decertify the class. Le Decl. ¶ 5.

During the parties' meet and confer, Plaintiff agreed not to oppose Tesoro's request to depose the four absent class members who filed declarations in support of Plaintiff's class certification motion. Le Decl. ¶ 6, 7. Plaintiff also proposed that the parties limit the scope of the depositions of absent class members who have not filed declarations or participated in the case in any way to any information that has not yet been presented in the case or could not be obtained from other sources. Le Decl. ¶ 7. However, Tesoro was unable to identify the specific information it sought from the deponents. *Id.* Consequently, parties were not able to resolve their dispute, necessitating Plaintiff's instant motion for a protective order.

B.   Points and Authorities

Rule 26(c) of the Federal Rules of Civil Procedure provides that a Court may for good cause issue an order forbidding certain disclosure or discovery in order to protect a party from, among other things, annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Tesoro's request to depose absent class members who have not participated in the proceedings in any way, is burdensome, harassing, and completely unjustified. Consequently, the Court should grant a protective order precluding such depositions pursuant to Rule 26(c).

It is well-settled that "[d]iscovery from absent class members is ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (citing *On the House Syndication, Inc. v. Federal Express Corp.*, 203 F.R.D. 452, 453 (S.D.Cal.2001)); *see also Phillips Petroleum v. Shutts*, 472 U.S. 797, 810 n.2, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) (discovery "rarely imposed" upon absent class

members); *Pierce v. County of Orange*, 526 F.3d 1190, 1202 n. 9 (9th Cir. 2008) (Rule 23 imposes inherent limitations on absent class member discovery); *In re World of Wonder Sec. Litig.*, 1992 WL 330411, *2 (N.D. Cal. Jul. 9, 1992) ("Absent class members are not parties and separate discovery of individual class members not representatives is ordinarily not permitted"); *id.* at *6 (describing discovery of absent class members as "highly irregular"); *Roberts v. Helm*, 130 F.R.D. 416, 423 (N.D. Cal. 1988) ("Discovery of non-named plaintiffs is both rare and usually inappropriate"); *Teachers Ret. Sys. v. ACLN Ltd.*, 2004 WL 2997957, *10 (S.D.N.Y. Dec. 27, 2004) ("[C]ourts are extremely reluctant to permit discovery of absent class members"); *Hester v. Vision Airlines*, 2010 WL 3768011, *2 (D. Nev. Sept. 16, 2010) (noting depositions of absent class members are an "extreme measure," appropriate in very limited circumstances).

The general prohibition on discovery from absent class members is well-founded. "The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted." *In re Carbon Dioxide Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993); *see also On the House Syndication,* 203 F.R.D. at 456; *McPhail*, 251 F.R.D. at 517 ("It is not intended that members of the class should be treated as if they were parties plaintiff, subject to the normal discovery procedures, because if that were permitted, then the reason [behind Rule 23(a)(1) of the Federal Rules of Civil Procedure] would fail.") (internal quotation marks and citation omitted) (alteration in original). Courts have also expressed concern that defendants might use discovery requests "as a method of unfairly reducing the number of class members," as some subpoena recipients may opt out of the class simply to avoid the burden of discovery, or as a means of otherwise harassing and intimidating absent class members. *On the House*, 203 F.R.D. at 456; *Mehl v. Canadian Pacific Ry.*, 216 F.R.D. 627, 631 (D.N.D. 2003) (citing the "potential for harassment" inherent in discovery of absent class members).

For these reasons, a party seeking such discovery from absent class members must ordinarily obtain advance leave of court. *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149

F.R.D. 598, 600 (N.D. Cal. Jun. 2, 1993); *Groth v. Robert Bosch Corp.*, 2008 WL 2704709, *1 (W.D. Mich. Jul. 9, 2008). Tesoro has not obtained leave of court permitting its proposed discovery, and this alone warrants the granting of Plaintiff's protective order. *See Baldwin & Flynn*, 149 F.R.D. at 600; *see also Groth v. Robert Bosch Corp.*, 2008 WL 2704709, at *1-2 (granting plaintiff's motion for a protective order where "defendant did not seek leave of court before beginning its campaign to depose numerous putative class members").

    1. <u>Tesoro Cannot Make a "Strong Showing" That the Discovery It Seeks is Not Designed to Reduce Class Size, is Necessary, Would Not Require the Assistance of Counsel, and Does Not Seek Information Already Known by Tesoro</u>

  Tesoro must make a "strong showing" that the discovery is both necessary and for a purpose other than taking undue advantage of the absent class members. *In re Washington Mut. Mortg. Backed Sec. Litig.*, 2011 WL 1789975, *1 (W.D. Wash. May 9, 2011); *Baldwin & Flynn*, 149 F.R.D. at 600. "[T]he burden on the defendant to justify discovery of absent class members by means of deposition is particularly heavy." *Doe v. Arizona Hosp. and Heathcare Ass'n*, 2009 WL 1423378, *14 (D. Ariz. Mar. 19, 2009). Courts in this circuit have applied the following legal standard in determining whether to permit discovery from absent class members:

> While some courts have permitted discovery of absent class members, they have done so only where the proponent of the discovery establishes that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent.

*McPhail*, 251 F.R.D. at 517. When these factors are not met, courts have readily issued protective orders to prohibit enforcement of subpoenas or otherwise prohibit discovery propounded on absent class members. *See, e.g., Worlds of Wonder*, 1992 WL 330411, at *6; *Washington Mut. Mortg. Backed Sec.*, 2011 WL 1789975, at *2; *McPhail*, 251 F.R.D. at 519; *On the House*, 203 F.R.D. at 457.

    a. *Concerns Related to Intimidation and Harassment of Class Members are Particularly Compelling in This Context*

  Courts have expressed particular concerns about the potential for intimidation and harassment of absent class members where, as here, a defendant is seeking to depose

absent class members who are the defendant's own current employees. For example, in *Antoninetti v. Chipotle, Inc.*, 2011 WL 2003292, *2 (S.D. Cal. May 23, 2011), the court noted the chilling effect that depositions could have on employee class members. *Antoninetti* itself is one of those rare cases in which a court granted a defendant's request to conduct limited depositions of absent class members. However, in so holding, the court stressed that the result would have been different had the absent class members been employees of the defendant:

> The Court notes that under certain circumstances depositions of absent class members could have a chilling effect on their willingness to be part of the class. However, that concern has little impact in this case for several reasons. First, the proposed deponents are not employees of Chipotle; rather, they are customers. Therefore, they are not under the pressure employees would face being deposed by their employer. Chipotle cannot directly or impliedly threaten the putative class members with loss or reduction of employment or some other adverse action affecting the work environment.

*Id*. (emphasis and internal citations omitted).

Indeed, as wage earners in an uncertain economy, the employee class members in this case are particularly vulnerable to intimidation, harassment, and threats of adverse employment action, even if only implied and not actually carried out. The prospect of being subjected to hours of interrogation by their employer's attorneys, and especially knowing that their supervisors and managers have already testified and submitted declarations wholly in support of their employer, would no doubt have a chilling effect on these employees' willingness to be a part of the class in this case, and thereby result in a reduction in class membership.

b.   *Tesoro Has Failed to Demonstrate Particularized Need For the Depositions It Seeks*

To meet its burden of showing that the proposed discovery is necessary, Tesoro must show (1) that the specific information sought from the proposed deponents is necessary to its defense of Plaintiff's claims, and (2) that this information is not available through other sources. *See Washington Mut. Mortg. Backed Sec.*, 2011 WL 1789975, at *1 (defendant failed to meet its burden to justify the necessity of discovery where it did not state what specific information was sought through the discovery, nor explain why such information was relevant to its defense); *Carbon Dioxide*, 155 F.R.D. at 212 (absent

class members not subject to discovery where, *inter alia*, "there [was] no indication that the information sought from the non-representative class members differ[ed] in any way from the information already provided by the class representatives"); *McPhail*, 251 F.R.D. at 518 (denying defendant's request to conduct discovery of absent class members where, *inter alia*, there were other ways through which defendant could obtain the information it sought).

Tesoro cannot make the requisite "strong showing of necessity" to justify the discovery it seeks. *Washington Mut. Mortg. Backed Sec. Litig.*, 2011 WL 1789975, at *1. First, Tesoro has been unable to point to *any* specific information it hopes to obtain from the depositions of Mr. Finegan and Mr. Yun. Le Decl. ¶ 7. Instead, Tesoro has informed Plaintiff that Mr. Finegan and Mr. Yun would, like other deponents, simply be questioned about their general "meal period practices." *Id.* Because Tesoro <u>does not even know</u> what information it seeks to obtain from the proposed depositions, it cannot show that such information is necessary to its defense. It also cannot show, as it must, that the requested discovery will relate to classwide, rather than individual, issues. *See Arizona Hosp.*, 2009 WL 1423378, at *14 ("discovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate") (internal quotation marks and citation omitted).

Second, any information Tesoro needs to defend against Plaintiff's claims is available through other sources. Tesoro likely seeks to depose these specific absent class members because they have been identified as willing to give testimony that is favorable to Tesoro. However, Tesoro can and has relied on favorable deposition testimony from 10 of its own supervisors and managers, declarations submitted on behalf of 13 supervisors and managers, as well as documentary evidence, to support its arguments in opposition to class certification. Tesoro has also repeatedly made use of the depositions of the two named Plaintiffs, as well as the named plaintiffs in the prior *USW* case, to support its arguments. *See, e.g.,* Tesoro's Opposition to Class Cert Motion (Dkt. No. 137), p. 3, fn. 21, attached as Ex. 5 to Le Decl. (citing testimony of named Plaintiff

Michael Irwin). For example, Tesoro has argued that class members have lengthy periods of "downtime" during which they are not engaged in active duties and may eat meals. To support this argument, Tesoro has presented sundry evidence, in the form of deposition testimony and declarations, from its supervisors, managers, and even class members, regarding the amount of "downtime" available every shift. *See* Tesoro Opposition, at 3, fn. 24, 25 (citing deposition testimony of class representative Burgess, *USW* named Plaintiffs Richard Floyd and Eduardo Carbajal, its own corporate representatives, and declarations of Tesoro's supervisors and managers). In addition, Tesoro has argued that class members are not required to stay in communication or to immediately respond to all alarms, citing as evidence detailed alarm data for the units in the refinery, as well as the declarations and depositions of its supervisors and managers.

Third, Tesoro has had unfettered access to all absent class members as its own employees for months, if not years, before the class was certified. It could have gathered its own employee declarations, or conducted individual interviews, during that time. *See Tierno v. Rite Aid Corp.*, 2008 WL 2705089, *6 (N.D. Cal. Jul. 8, 2008) (upholding decision denying defendant's request to depose absent class members where, *inter alia*, the defendant had access to the class members prior to the court's certification order and could have sought information from them then). In addition, Tesoro has already deposed the two named plaintiffs (also members of the class), and will have an opportunity to depose four other absent class members in the coming weeks. Le Decl. ¶ 2-3, 7. There is no reason why it cannot obtain the information it seeks through these other depositions. *See Arizona Hosp.*, 2009 WL 1423378, at *14 (declining defendant's request to depose an absent class member where "there are currently three identified class representatives who could be – and, in at least one case, already have been – deposed in her stead").

Finally, even accepting the premise that a showing of substantial differences among class members in terms of downtime and interruptions would weigh against granting Plaintiff's claim on the merits, in light of the hundreds of class members in this case, there is no reason to believe that what Defendant can learn from two class members

can be extrapolated to the class as a whole. *See In re Qwest Commc'ns Int'l Inc.*, 2005 U.S. Dist. LEXIS 11618, *13 (D. Colo. Jun. 7, 2005) (endorsing plaintiff's argument that defendant "show[ed] no reason why the sample of seven individuals and entities from whom they seek information which happens to comprise less than one hundredth of one percent of the class – represents a cross section of the class in this case"). Simply put, discovery from absent class members has no bearing on the merits of this action.

          *c.*   *Compliance With the Deposition Subpoenas Would Be Unduly Burdensome*

     In rare cases where discovery from absent class members has been authorized, courts have permitted it only to the extent that the responding party would not be unduly burdened and, according to many courts, "would not require the assistance of counsel." *McPhail*, 251 F.R.D. at 517; *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2009 WL 3378517, *4 (N.D. Ga. Oct. 19, 2009) (denying discovery requests where, *inter alia*, "responding to defendant's proposed document requests … would require the assistance of counsel for a substantial number, if not all, of the … class members"). Here, the depositions of non-participant absent class members would be unduly burdensome to both class counsel and the class members themselves. *See Smith v. Ardew Wood Prods., Ltd.*, 2008 WL 4837216, *2 (W.D. Wash. Nov. 6, 2008) (citing "the time and expense that even a single deposition incurs for all parties involved"). Moreover, in light of the particular concerns presented when an employee is subject to deposition by his or her current employer, discussed above, subjecting the absent class members to the proposed depositions would almost certainly force them to obtain counsel. *See Columbus Drywall*, 2009 WL 3378517, at *4 ("certainly[,] appearing for depositions[] would require the assistance of counsel"). For these reasons, subjecting the proposed class members to depositions is particularly inappropriate.

     2.   <u>Conducting Discovery For the Purpose of Manufacturing "New Evidence to Support a Motion to Decertify is Improper and Should Not Be Permitted</u>

     Tesoro has indicated that its purpose in conducting the requested depositions is to manufacture "new evidence" in support of its planned motion to decertify the class. Le

Decl. ¶ 5. Aside from the upcoming depositions of the four class member declarants and the two additional depositions discussed herein, there is simply no "new evidence" that would warrant a reconsideration of the Court's finding, as there have been no new developments since the class was certified. Thus, Tesoro plans to manufacture all such "new evidence" *ex post facto* by subjecting absent class members to burdensome and harassing depositions in order to intimidate its employees into recanting or changing their prior testimony. At the class certification stage, Tesoro did not request to depose a single absent class member. Nor did Tesoro attempt to take advantage of Local Rule 7-8, which permits parties to cross-examine declarants, prior to filing its opposition to class certification. That Tesoro <u>now</u> seeks to conduct discovery related to class certification for the purpose of re-litigating the court's certification decision, would not only result in an unjustified waste of the Court's time and resources, but is also patently improper.

While a court may, in its discretion, decertify a previously certified class at any point prior to final judgment, decertification is proper only where either the applicable law or the applicable facts have changed in a manner that casts doubt on the court's prior certification decision. *See, e.g., Gomez v. Vernon*, 962 F.Supp. 1296, 1303 (D. Idaho 1997); *Sley v. Jamaica Water and Utilities, Inc.*, 77 F.R.D. 391, 394 (E.D. Pa. 1977). A decertification motion is <u>not</u> properly based on unchanged evidence <u>previously available</u> to an opposing party, who simply wishes to revisit the evidence previously available. *See Labrador v. Seattle Mortg. Co.*, 2010 WL 3768378, *3 (N.D. Cal. Sept. 22, 2010) ("The court notes that decertification is appropriate in light of changes in the law, subsequent developments in the litigation, and evidence <u>not available</u> at the time of certification") (citation omitted) (emphasis added); *see also Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571, 579 (9th Cir. 2010) ("If evidence <u>not available</u> at the time of certification disproves Plaintiffs' contentions that common issues predominate, the district court has the authority to modify or even decertify the class") (citation omitted) (emphasis added). Tesoro had ample opportunity to conduct depositions for the purpose of opposing class certification, but it simply chose not to do so. It cannot now demand discovery on

previously litigated issues simply because it is unhappy with the Court's final ruling. *See id.* (decertification proceedings are not for the purpose of "provid[ing] a defendant with the opportunity to challenge class certification on its own schedule"). Thus, the Court should grant Plaintiff's motion for a protective order for the additional reason that Tesoro's proposed depositions are for the improper purpose of creating "new" evidence in support of a motion to decertify the class.

          3.    <u>Plaintiff's General Designation of *All* Operators at the Refinery As Possible Fact Witnesses Does Not Justify Tesoro's Request to Depose Non-Participant Absent Class Members</u>

Tesoro may assert that Mr. Finegan and Mr. Yun are not "absent" class members because of Plaintiff's interrogatory response providing that "*all* Operators at the Tesoro refinery" are possible witnesses supporting Plaintiff's claims.[1] While there is limited authority to suggest that a plaintiff's *specific* identification of an absent class member as a possible fact witness may be relied upon as *one factor* supporting a defendant's request to depose that individual, *see Antoninetti*, 2011 WL 2003292, at \*1, there is absolutely no authority supporting the proposition that a general designation of *all* class members as possible witnesses suffices to allow the defendant to depose any absent class member it chooses. Accepting such a proposition would completely circumvent the justifications underlying the presumption against discovery of absent class members. It is simply logical that, in every class action, *every* class member is an individual with discoverable

---

[1] "**Special Interrogatory No. 5**

List all witnesses supporting YOUR claim that TESORO did not provide YOU with adequate meal periods.

**Response to Special Interrogatory No. 5**

Objection. Plaintiff objects to this interrogatory on the ground that it seeks information that is protected by the constitutional, statutory, and common law rights of privacy of third-party employees of Defendant and/or other third parties. Plaintiff also objects on the grounds that discovery is ongoing and some or all of the information Defendant seeks has not yet been produced to Plaintiff. Therefore, Plaintiff reserves the right to amend these responses as litigation proceeds. Subject to and without waiting the foregoing objections, Plaintiff responds as follows:

    1.  The other named plaintiff in this action;

    2.  All supervisors at the Tesoro refinery

    3.  All Operators at the Tesoro refinery"

1   information and possible fact witness, and the mere disclosure of this fact to opposing

2   counsel cannot, standing alone, justify discovery of unnamed class members.

3   Moreover, there is no authority supporting the proposition that even the <u>specific</u>

4   identification of an individual absent class member as a possible fact witness in any way

5   changes or diminishes a defendant's burden to show particularized necessity to depose

6   such individual. *See Antoninetti*, 2011 WL 2003292, at \*1 (defendant must demonstrate

7   that proposed discovery is "not sought to take undue advantage of class members or to

8   harass class members" and "is necessary" to a preparation of the defense, *even when* the

9   proposed deponents have been *specifically* identified as potential witnesses). There is

10  absolutely no merit to the suggestion that the identification of an absent class member

11  somehow operates to render that class member "non-absent." *See id.*[2] Even in light of

12  Plaintiff's general designation of "*all* Operators" as possible witnesses, the fact remains

13  that Mr. Finegan and Mr. Yun are *not* parties to the present action and, furthermore, have

14  in no way participated in these proceedings. Given this, Tesoro cannot escape its heavy

15  burden of showing that the proposed depositions are necessary, are not for an improper

16  purpose, and will not unduly burden the class members or class counsel. For the reasons

17  stated above, Tesoro cannot meet this burden.

18      4.   <u>If the Court is Inclined to Allow Some Discovery From Non-Participant Absent Class Members, It Should Strictly Limit the Scope and Quantity of the Discovery</u>

19  

20  When courts have allowed discovery of absent class members, they have strictly

21  limited the scope and quantity of the discovery permitted. If the Court is inclined to

22  permit some amount of discovery from Mr. Finegan and Mr. Yun, Plaintiff requests that

23  the depositions be limited to three hours (1.5 hours for questioning by Tesoro and 1.5

24  hours for questioning by Plaintiff). Plaintiff further requests that the scope of the

25  depositions be limited to information that is not currently known to Tesoro and cannot be

26  

27      [2] It is simply disingenuous for Tesoro to now argue that Plaintiff's designation of

28  "all Operators" as potential witnesses suffices to render Mr. Finegan and Mr. Yun as something more than "absent" class members, when it previously argued that this designation was so vague as to warrant striking declarations from "undisclosed" class members. *See* Tesoro's Evidentiary Objections, Ex. 2, at 2-4.

1  obtained from other sources. *See Antoninetti*, 2011 WL 2003292, at *2 (permitting "short,

2  one-hour" and "appropriately focused" depositions of absent class members).

3  **II.    Tesoro's Argument**

4    **A.    Facts and Procedural History**

5     In *United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial & Service*

6  *Workers International Union, AFL-CIO, v. Shell Oil Company et al*,  Case No. CV08-3693 RGK

7  (Ex) (C.D. Cal. 2008), Plaintiff's labor union (the "USW") and two individuals sued Tesoro

8  (among other defendants) for not providing meal breaks to USW members.  The *USW*

9  plaintiffs sought class certification of their meal claim based on the same theories presented

10  here.  (Rusche Decl. Ex. A).  United States District Judge R. Gary Klausner denied class

11  certification on multiple grounds, including that class resolution was not superior to other

12  available methods.  (Rusche Decl. Ex. A).  Judge Klausner then remanded the matter for lack

13  of CAFA jurisdiction, reasoning that there is no "reasonably foreseeable possibility" that a

14  class could be certified.  (Rusche Decl. Ex. B at 2).

15    To end-run that denial of class certification, the USW sponsored two new class

16  actions alleging the same meal claims.  One of these new cases, involving Tesoro's Los

17  Angeles Refinery ("LAR"), is the instant action.

18     Plaintiff alleges that Tesoro failed to provide meal periods "relieved of all duty"

19  pursuant to California Labor Code sections 512 and Industrial Welfare Commission Wage

20  Order 1-2001 § 11.  Under these provisions, employers must only make meal breaks

21  available not ensure that their employees actually take their breaks.  *Marlo v. UPS*, 2009 WL

22  1258491, at *9 (C.D. Cal. May 9, 2009); *Gabriella v. Wells Fargo Fin., Inc.*, 2008 WL 3200190, at

23  *3 (N.D. Cal. Aug. 4, 2008); *Salazar v. Avis Budget Group, Inc.*, 251 F.R.D. 529, 532-33 (S.D.

24  Cal. 2008); *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 646 (N.D. Cal. 2008); *Brown v. Fed. Express*

25  *Corp.*, 249 F.R.D. 580, 585 (C.D. Cal. 2008); *White v. Starbucks*, 497 F. Supp. 2d 1080, 1088-89

26  (N.D. Cal. 2007); *Lanzarone v. Guardsmark Holdings, Inc.*, 2006 WL 4393465, at *6 (C.D. Cal.

27  2006); *Brinker Rest. v. Super. Ct.*, 165 Cal. App. 4th 25, 47-48 (2008), *rev. granted*; *Brinkley v. Pub.*

28

1  *Storage, Inc.*, 167 Cal. App. 4th 1278, 1287-90 (2008), *rev. granted; Hernandez v. Chipotle Mexican*
2  *Grill, Inc.,* 189 Cal. App. 4th 751, 763 (2010), *rev. granted.*

3       Because employees can lawfully forego breaks, class certification of meal claims is
4  appropriate only if an employer policy denies breaks.  Otherwise, individual issues—such as
5  why an individual missed a break—predominate.  *Brown,* 249 F.R.D. at 586 (denying class
6  certification of meal break claims because of individualized issues); *Kenny,* 252 F.R.D. at 646;
7  *Gabriella,* 2008 WL 3200190, at *3; *Salazar,* 251 F.R.D. at 533-34 (S.D. Cal. 2008); *Maddock v.*
8  *KB Homes, Inc.,* 2007 WL 2221030, at *14; *Brinker,* 165 Cal. App. 4th at 42-58.

9       On October 14, 2010, Plaintiff served Initial Disclosures.  In accordance with FRCP
10  26(a)(1)(A)(i), which requires Plaintiff to identify "each individual likely to have discoverable
11  information . . . that the disclosing party may use to support its claims or defenses," Plaintiff
12  stated that "all putative class members may be witnesses with information regarding . . . the
13  claims raised in the complaint filed in this action."  (Rusche Decl. Ex. C).

14       On November 30, 2010, Plaintiff served a **verified** response to Tesoro's special
15  interrogatory that asked: "List all witnesses supporting YOUR claim that TESORO did not
16  provide YOU with adequate meal periods."  Plaintiff's response identified "[a]ll Operators at
17  the Tesoro refinery," as witnesses to his individual claim. (Rusche Decl. Ex. D).

18       On January 31, 2011, Plaintiff moved to certify a class of 12-hour shift workers ("shift
19  workers") on a theory that putative class members do not receive meal breaks "relieved of all
20  duty" as required by Industrial Welfare Commission Wage Order 1-2001 § 11(C).  The
21  motion was based on an alleged technical violation of the meal period law not on a claim
22  that shift workers did not regularly have ample time to eat meals during their shifts.  In fact,
23  Tesoro provides them the freedom to take **more** breaks, and **longer** breaks, than the law
24  requires.  As a result, to certify a class, Plaintiff relied on oversimplified, blanket statements
25  inapplicable to the entire class.  (Rusche Decl. Ex. E at 1).

26       For example, though Plaintiffs now characterize all shift workers as "Operators," their
27  class certification motion was quite different (identifying, at least, Lab Workers and Terminal
28  Operators as other positions).  But, in fact, the proposed class is diverse.  It includes over

thirty-two job classifications in twelve different job positions in seven different units broken down further into subunits, in addition to the Long Beach Terminal ("Terminal") and the Laboratory ("Lab").  The LAR has board operators and field operators.  Board operators generally respond to unit upsets by using computerized process controls called boards.  Only seven units have board operators.  Field operators make occasional rounds through the unit to ensure that equipment is operating properly.  Board and field operator positions further divide along lines of experience, ability, and responsibility, such as operator helper trainees (or relief operators) and No. 1 operators who are qualified to work both in the field and at the board.  Field operators are further divided into operator #2s and operator #3s.  Shift workers also include "head pumpers" and "pumpers."  Head pumpers control computers for the Receiving, Pumping, and Shipping unit, which primarily involves transfer of materials through the refinery pipe systems.  Pumpers primarily inspect pipelines.  Shift workers also include Lab workers, such as quality control technicians, testers and starters.  At the Terminal, shift workers include terminal operator #1s, who have general responsibility over the terminal, and terminal operator #2s who unload crude from ships.  (Le Decl. Ex. 1 at 2-4; Rusche Decl. Ex. E at 2-3).

In their class certification motion, Plaintiff also argued that Tesoro has uniform policies requiring all shift workers to remain on the premises, to be on duty, to remain close to their work area, to remain in communication, and to respond to alarms at all times during their shifts.  Plaintiff also claims that Tesoro has uniform policies that restrict all shift workers from sleeping, reading non work-related materials, and watching movies or television.  (Le Decl. Ex. 1 at 4-12).  Tesoro's opposition to class certification provided evidence that no such uniform policies exist and to the extent they may apply to some shift workers, they are sporadically enforced or do not apply when shift workers are relieved.  Moreover, Tesoro argued that it is the actual experience and meal break practice of each worker that determines whether a break was missed, not some vaguely alleged, sporadically enforced policy.  (Rusche Decl. Ex. E at 4-5).

On March 28, 2011, Judge Fairbank granted class certification.  The Order granting class certification recognized that Tesoro presented evidence that there is variance regarding the amount of downtime and responsibilities in any given shift.  (Le Decl. Ex. 3 at 8).  Judge Fairbank also recognized that Tesoro had presented evidence that the purported meal break policies and restrictions were not uniformly enforced against all class members.  (Le Decl. Ex. 3 at 5) ("Although Tesoro provides testimony that employees may leave the premises with permission, this evidence does not overcome Plaintiff's assertion that there is a general policy prohibiting shift workers from leaving. . . .").

Trial here will thus require testimony from each shift worker and their witnesses (and defense witnesses) regarding actual duties performed and time performing them, the application of various "meal break restrictions," the availability of relief, and if interrupted breaks were started anew later.  There are literally thousands of individual permutations. This is particularly true given the class representative admits that he no knowledge of the experiences of shift workers in other units or whether or how the purported restrictions apply to them.  (Rusche Decl. Ex. F at 74:19-76:10,55:18-56:11; 56:23-15, 58:11-17; 58:24-59:11, 16:11-17:11, 58:24-59:18; 45:17-20).

In response to Tesoro's evidentiary objections seeking to strike previously undisclosed declarants from consideration in connection with Plaintiff's class certification motion, Plaintiff again argued that he informed Tesoro that all putative class members may be witnesses regarding the claims raised in this action.  (Rusche Decl. Ex. G at 5).  It is disingenuous now for Plaintiff to argue the counter position that absent class members identified as witnesses should not be subject to discovery when they previously argued that Tesoro could have asked to depose any of the identified witnesses prior to opposing class certification.

On April 28, 2011, counsel for Tesoro conferred with Plaintiff's counsel regarding its intention to seek depositions of approximately two to eight class members, including those from whom Plaintiff did not submit a declaration.  Plaintiff's counsel responded that

1    Plaintiff would file a motion to prevent Tesoro from taking these depositions and counsel

2    agreed that the parties could address the issue in a joint discovery filing.  (Rusche Decl. ¶ 9).

3         On May 3, 2011, Plaintiff's counsel confirmed their refusal to permit depositions via

4    email.  Rusche Decl. Ex. H ("[W]e need to discuss Tesoro's plan to subpoena the declarants

5    and other absent class members.  As Linda indicated, we have serious concerns about

6    discovery and will likely file a motion for a protective order depending on the scope and

7    purpose of the depositions.")

8         On May 25, 2011, Tesoro provided notice to Plaintiff's counsel that it intended to

9    serve subpoenas on two class members and inquired whether Plaintiff would accept service

10   on their behalf.  (Rusche Decl. Ex. I).  Later that day, Tesoro provided the names of the two

11   potential deponents and offered to limit the depositions to three hours (Rusche Decl. Ex. J).

12        On May 26, 2011, Plaintiff served a letter indicating his intention to file a motion for a

13   protective order, arguing that Tesoro had no right to take depositions of "absent class

14   members."  (Rusche Decl. Ex. K).  In response, Tesoro clarified that the individuals it

15   sought to depose were not "absent class members" because Plaintiff had thrust them into

16   the lawsuit by identifying all putative class members as witnesses to Plaintiff's individual

17   claims.  (Rusche Decl. Ex. L).

18        On June 3, 2011, counsel for the parties met and conferred in person regarding

19   Tesoro's intention to depose class members.  Tesoro stated its position that it required the

20   depositions because the proposed deponents worked in different units and on different

21   crews, and had different supervisors from Plaintiff, and that their work experiences were

22   thus different from Plaintiff's.  Tesoro also explained that that it required the depositions

23   because the purported "meal period restrictions" upon which Plaintiff's legal theory is based

24   applied differently to the deponents, if at all.  Tesoro also indicated that depositions were

25   important to investigate the deponents different means of obtaining relief and different

26   amounts of downtime during their shift where they were not actively performing work.

27        While Tesoro indicated it did not know exactly how the deponents would testify

28   during depositions because it could not speak with them now that the class was certified, it

1   sought to discover information about their unique experiences.  Tesoro also explained its

2   belief that these depositions were important because Plaintiff had identified these individuals

3   as witnesses to his individual claims and Tesoro must take their depositions in preparation

4   for trial.  Tesoro also reiterated its position that Plaintiff had no grounds to object to the

5   depositions because of his decision to identify them as witnesses.  Tesoro also again offered

6   to limit the depositions to two to three hours.  Plaintiff refused this proposal and the parties

7   agreed that the dispute must be resolved through the joint discovery stipulation process.

8   (Rusche Decl. ¶ 15).

9          Tesoro has always intended to take the depositions for trial preparation purposes, it

10   has stated this intention to Plaintiff, and it has never stated, as Plaintiff suggests, that it seeks

11   to take the depositions solely for use in its motion to decertify the class. (Rusche Decl. ¶16).

12         In the related lawsuit at Tesoro's Golden Eagle refinery in Martinez, California, which

13   is also being pursued by Plaintiff's counsel, Plaintiff's counsel took the position prior to class

14   certification that Tesoro could not even take the depositions of putative class members on

15   whose behalf they intended to submit declarations before ultimately relenting and permitting

16   Tesoro to take just two to three depositions, and then only *after* their motion for class

17   certification was filed.  (Rusche Decl. ¶ 17 Ex. M).

18         **B.    Tesoro's Points and Authorities.**

19          Plaintiff bears the burden of demonstrating that a protective order is appropriate.

20   *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–1211 (9th Cir. 2002).

21   For good cause to exist, the moving party must show that "specific prejudice or harm will

22   result if no protective order is granted."  *Id.* Here, Plaintiffs cannot make such a showing.

23         **1.    There Is No Basis To Prevent Tesoro From Taking Depositions
24                Of Individuals Plaintiff Identified as Percipient Fact Witnesses.**

25         The entire premise of Plaintiff's proposed protective order is misplaced.  Tesoro seeks

26   to take the deposition of individuals Plaintiff identified several times as percipient fact

27   witnesses.  That these individuals are now class members does not prevent Tesoro from

28   taking their depositions.  These individuals were Plaintiff's co-workers and are likely to have

knowledge of his meal break practices and policies applicable to him.

1    Rule 26(a)(1)(A)(i) requires parties to disclose "the name . . . of each individual likely

2    to have discoverable information."  Citing that rule, Plaintiff identified all putative class

3    members as individuals who may have information regarding "the claims raised in the

4    complaint filed in this action."  (Rusche Decl. Ex. C ("Plaintiffs are informed and believe

5    that all putative class members may be witnesses with information regarding their former

6    employment with Defendant **and** the claims raised in complaint filed in this action.")

7    (emphasis added)).  In response to a later Interrogatory requesting information about all

8    witnesses who may have information supporting Plaintiff's individual claim, Plaintiff again

9    identified "all operators"[3] as witnesses in **verified** discovery response.  (Rusche Decl. Ex. D).

10    Regardless of class member status, Plaintiff identified all these co-workers as

11    individuals who may have knowledge of his individual claims.  Plaintiff seeks to bar Tesoro

12    from taking any depositions of any of his co-workers merely because they happen to be class

13    members regardless of the knowledge these individuals may have of his individual or class

14    claims but he cannot now hide behind rules regarding class member discovery to prevent

15    their depositions.  If Plaintiff's position were correct, every class action Plaintiff could

16    foreclose any depositions of his or her co-workers who may be first-hand witnesses to the

17    allegations in the complaint merely because they too are class members.  This simply cannot

18    be the case.

19    Further, because Plaintiff identified each class member as an individual who likely will

20    have knowledge about claims made in the complaint, he has thrust them into the case and

21    thus general rules regarding class discovery give way.  *Antoninetti v. Chipotle, Inc.*, 2011 WL

22    2003292, at 1 (S.D. Cal. May 23, 2011) ("[T]he rules pertaining to [absent class member]

23    discovery are flexible, especially where the proposed deponents have been identified as

24    potential witnesses"); *Mas v. Cumulus Media Inc.*, 2010 WL 4916402, at *3 (N.D. Cal., Nov. 22,

25    2010) (permitting discovery of absent class members identified as witnesses in plaintiff's

26    initial disclosures); *see also Toney v. Rosewood Care Center, Inc., of Joliet*, 62 Fed. Appx. 697, 699-

27

28

---

[3] "Operators" are a group of individuals included within the class.  Rusche Decl. Ex. E at 2-3.

702 (7th Cir. 2003) (affirming dismissal of class action where class members identified as witnesses failed to appear for depositions).

*Puerto v. Superior Court*, 158 Cal. App. 4th 1242 (2008), is instructive. There, the court compelled the defendant employer to disclose contact information for about 2600 of the defendant's employees regardless of privacy objections because defendant had identified them as percipient fact witnesses in response to an interrogatory that sought the names and contact information of witnesses with knowledge of the incidents alleged in the complaint, but provided no means by which the plaintiff could contact them. *Id.* at 1246, 1249-52, 1254 ("These individuals have been identified by [employer] as witnesses. Nothing could be more ordinary in discovery than finding out the location of identified witnesses so that they may be contacted and additional investigation performed"). Similarly, here, Plaintiff's decision to identify them each as witnesses removes "protections" they otherwise might have had as "absent" class members.

Plaintiff further complains that permitting such discovery would "circumvent the justifications underlying the presumption against discovery of absent class members" and that "[i]t is simply logical that, in every class action, every class member is an individual with discoverable information and possible fact witness, and the mere disclosure of this fact to opposing counsel cannot, standing alone, justify discovery of unnamed class members." But, no authority required Plaintiff to identify every class member as a witness in his Initial Disclosures and discovery responses about his individual claims and Plaintiff did not limit their potential knowledge. He specifically represented that they may have knowledge about information "claims raised in the complaint," which includes his individual claims.

Plaintiff also argues that because he did not specify these witnesses by name but, instead, referred to them generally as "putative class members" or "operators" (a subset within the class), Tesoro has no right to depose them. But, Plaintiff's decision to refer to these witnesses collectively in his disclosures and discovery responses, rather than by name, does not change the fact that he made these representations about their relevant knowledge in disclosures subject to Rules 11 and in ***verified*** discovery responses.

Finally, Plaintiff claims that it is disingenuous for Tesoro to argue that his designation of all operators as fact witnesses makes them subject to depositions. He bases this remark on the fact that Tesoro moved to strike declarations he filed on behalf of some class members in support of his class certification motion. In that motion, Tesoro argued that the court should strike the declarations because Plaintiff had not previously identified the declarants by name. (Rusche Decl. Ex. P at 2-6). It is Plaintiff who is being disingenuous. Tesoro moved to strike the declarations because Plaintiff's identification of all putative class members as percipient fact witnesses effectively deprived Tesoro the opportunity to conduct meaningful discovery to challenge the contents of the declarations because Tesoro could not guess as to which of the hundreds of class members Plaintiff would submit declarations from and it could not take hundreds of depositions. Now, after successfully preventing his declarations from being struck by arguing that he complied with his Rule 26 disclosure obligations, Plaintiff cannot take the position that these designations were meaningless. He should thus be judicially estopped from taking a conflicting position here after successfully arguing the opposite. *New Hampshire v. Maine* 532 U.S. 742, 750 (2001) (judicial estoppel factors are: (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage if not estopped).

## 2.     Tesoro Is Entitled To Take Class Member Depositions

In addition to the fact that Tesoro is permitted to depose individuals Plaintiff identified as percipient witnesses, Tesoro's need for the depositions meets conditions present where deposition of "absent" class members are permitted. Here, the depositions Tesoro seeks are necessary in preparation for trial because, in the order granting class certification, the court determined that Tesoro presented evidence that uniform policies do not apply to all putative class members, and merely found that uniform policies *may* exist (not that they do exist). (Le Decl. Ex. 3 at 8). Therefore Tesoro requires additional discovery to prove at trial the absence of uniform policies, and, to the extent there are any uniform

1   policies, the extent to which those policies are enforced or interfere with meal periods,

2   particularly given it will be Plaintiff's burden to prove by a preponderance of evidence at trial

3   that the case truly can proceed on a representative basis.  Moreover, Tesoro seeks this

4   necessary discovery from class members who are not hand-picked and coached by counsel

5   and who will provide more accurate, unbiased testimony.

6              **a.     *Tesoro's need for the depositions meets the legal standard.***

7        "The law on discovery directed to absent class members is flexible."  *Mas*, 2010 WL

8   4916402, at *3 (internal citations omitted).  There is no blanket prohibition against seeking

9   discovery from absent class members.  Rather, there is a general right to discovery that may

10  be limited in regard to absent class members to ensure that appropriate safeguards are in

11  place.  *Brennan v. Midwestern United Life Ins. Co.* 450 F.2d 999, 1005 (7th Cir. 1971); see also

12  *Robertson v. National Basketball Association*, 67 F.R.D. 691, 699-700 (S.D.N.Y. 1975) (permitting

13  discovery of absent class members); *Cruz v. Dollar Tree Stores, Inc.*, 2011 WL 843956, *1, *4-5

14  (N.D. Cal. 2011) (permitting discovery to be served on all class members and dismissing

15  claims of class members who failed to respond); *Meijer, Inc. v. Warner Chilcott Holdings Company

16  III, LTD*, 565 F. Supp. 2d 49, 52 (D.C. 2008) (depositions of absent class members allowed

17  during the course of class certification litigation); *see generally Bell v. Farmers Ins. Exchange*, 115

18  Cal. App. 4th 715, 722-23 (2004) (depositions of 295 absent class members taken).  This is

19  particularly true where, as here, Plaintiff has identified class members as fact witnesses.  *See

20  e.g.* Section II(A) above; *Antoninetti*, 2011 WL 2003292, at *1; *Mas*, 2010 WL 4916402, at *3;

21  *Toney*, 62 Fed. Appx. at 699-702.  Class member depositions also are appropriate where, as

22  here, class members have approved the litigation and are financing it (through their union)

23  (Rusche Decl., Ex. N at 6).  *Robertson*, 67 F.R.D. at 699-700 (allowing discovery of absent

24  class members where the class was composed of "fairly finite, readily identifiable members"

25  who specifically authorized the litigation" and have "financed it since its inception.").

26        Courts permit discovery of absent class members "where the proponent sufficiently

27  shows that (1) the discovery is not designed to take undue advantage of class members or to

28  reduce the size of the class; (2) the discovery is necessary; (3) responding to the discovery

requests would not require the assistance of counsel or other technical advice; and (4) the discovery seeks information that is not already known by the proponent." *In re National Western Life Insurance Deferred Annuities Litigation*, 2010 U.S. Dist. LEXIS 123089, at *6 (S.D. Cal. Nov. 19, 2010) ("*National Western*").  Here, Tesoro makes the required showing.

### b. Tesoro Did Not Seek The Requested Discovery Without Leave of the Court.

As a preliminary matter, Plaintiff's argument that Tesoro's failure to obtain leave of court in advance of seeking discovery of absent class members is without merit.  The cases Plaintiff cites requiring leave of court pertain to discovery of putative class members, not members of a certified class or individuals identified as percipient witnesses.  *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. Jun. 2, 1993); *Groth v. Robert Bosch Corp.*, 2008 WL 2704709, *1 (W.D. Mich. Jul. 9, 2008).  Regardless, it is a misstatement of the facts that Tesoro unilaterally subpoenaed witnesses without leave of court, and this Joint Stipulation process is the procedure through which the parties agreed the Court would determine Tesoro's right to take depositions.  Tesoro's counsel twice asked Plaintiff's counsel whether they would object to the depositions and whether they would represent the class members for purposes of their depositions.  (See Section II(A), above; and Rusche Dec. ¶9-15, Exs. H-L.)  Instead of unilaterally serving subpoenas and forcing Plaintiff to seek *ex parte* relief, Tesoro's counsel met and conferred with Plaintiff's counsel and gave them several weeks to prepare this Joint Stipulation to present this issue to the Court so that the issue could be resolved without unnecessarily involving class members.  (Rusche Decl. ¶ 15).  In Tesoro's conferences with Plaintiff's counsel, counsel agreed that Tesoro's right to take the requested depositions would be resolved through the joint stipulation process. (Rusche Decl. ¶ 15).

### i. Deposing absent class members presents no concerns of harassment or intimidation.

Plaintiff provides no factual support or evidence for his contention that there is danger of class member harassment or intimidation here because none exists.  Instead, Plaintiff relies on generalized statements that wage earners in "an uncertain economy" are

"particularly vulnerable."  Given that the particular "wage earners" at issue here are supported by an exceptionally strong union that is funding this litigation (Rusche Decl. Ex. N at ¶6), Plaintiff's claim that deposed class members will feel threatened is entirely without merit.  If Tesoro so much as implied that a class member who participates in this litigation would be subject to an adverse employment action, that individual could and would rely on the union for protection.  Similarly, it is illogical to suggest that Tesoro's ability to depose approximately eight class members would have any significant impact regarding the entire class's willingness to participate in the litigation out of fear of retaliation where the class is made up of hundreds of members (Rusche Decl. Ex. O at 3).  Deposing eight class members hardly resembles a well-designed scheme of intimidation and harassment.

Further, Plaintiff's claim that subjecting class members to "hours of interrogation" knowing that their supervisors have already given testimony in support of Tesoro would have a chilling effect on their willingness to be a part of the class is simply not true.  As counsel has been informed, Tesoro seeks the depositions of approximately eight "absent" class members for no more than three hours each at their place of employment, and the possibility that any particular class member has knowledge that his or her supervisor has provided testimony in this case is simply unlikely and, importantly, not all supervisors were deposed.  Further, the possibility that an absent class member "might" theoretically become unwilling to participate in the litigation as a result of the deposition does not outweigh Tesoro's need to conduct the requested discovery.  Plaintiff cites no case law to the contrary.

### ii.    Tesoro has a particularized need for the depositions.

Tesoro may show that the discovery it seeks is necessary by demonstrating that it needs the depositions "to disprove Plaintiff's theory of the case." *National Western*, 2010 U.S. Dist. LEXIS 123089, at *7.  Tesoro may also show that the information sought is not available through other sources. *Washington Mut. Mortg. Backed Sec.*, 2011 WL 1789975, *1 (W.D. Wash. May 9, 2011).

Despite Plaintiff's claims, Tesoro knows specifically the information it seeks from class member depositions.  First and foremost, Tesoro has a particularized need to depose

1   class members who are not handpicked and coached by Plaintiff's counsel.  Without this

2   discovery, Tesoro will be severely prejudiced because it will be forced to rely on testimony

3   from class members who will do nothing but provide the "party-line."  For example, the

4   declarants Plaintiff will agree to allow Tesoro to depose all agreed to signed nearly identical

5   declarations in support of Plaintiff's motion for class certification, demonstrating that they

6   have been coached. (*See e.g.* Rusche Decl. Exs. Q and R).

7          Additionally, Tesoro specifically needs this information to defend itself at trial because

8   Plaintiff's theory of the case is that all class members were subject to the same policies,

9   practices and restrictions.  (Le Decl., Ex. 1 at 4-12).  During counsel's meet and confer

10  conference, Tesoro's counsel specifically stated that Tesoro seeks to depose class members

11  because there are no uniform practices and policies relevant to the case and each deponent

12  has different work and meal break experiences from the named Plaintiff, including working

13  on different units, equipment and crews, and with different supervisors, and they all have

14  different means of meal break relief available to them and spend different amounts of time

15  actively engaging in work duties.  (Rusche Decl. ¶15.)  Thus their experiences regarding

16  Tesoro's meal period practices, amount of time they spend actively performing work, and

17  the  availability of relief or the opportunity to take interrupted breaks again, are different

18  than the named Plaintiff's, and Tesoro seeks to discover information about these

19  experiences, because such information is unknown to Tesoro.  Additionally, Tesoro seeks

20  testimony contradicting Plaintiff's claim that alleged uniform policies regarding meal periods

21  exist, are enforced uniformly across the class, and interfere with meal periods.  This

22  distinguishes this case from other class actions where class member depositions may not be

23  permitted in circumstances where individual experiences are not relevant, *e.g.*, whether a label

24  on a consumer product contained a false statement.  Further, the information sought

25  regarding the absence of uniform policies relates to class-wide, not individual, issues.  *See*

26  *Arizona Hosp. and Healthcare Ass'n*, 2009 WL 1423378, *14 (D. Ariz. Mar. 19, 2009) (discovery

27  of absent class members regarding *individual* issues, as opposed to common questions, is

28  inappropriate) (emphasis added, internal quotations omitted).

Plaintiff further argues that Tesoro cannot demonstrate a particularized need without showing the testimony sought would be different than that provided by the class representative. *In re Carbon Dioxide Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993). Not only would the information sought be different than that provided by Class Representative, Benjamin Burgess, but courts specifically allow class member depositions where, as here, the class representative admits that he lacks knowledge of the class claims. *Town of New Castle v. Yonkers Contracting Company, Inc.*, 1991 WL 159848, *2 (S.D.N.Y. Aug. 13, 1991). First, Burgess does not merely lack basic knowledge about facts underlying the case, but he does not even know the extent to which the purported policy restrictions upon which class certification is based apply to any other class members. He testified that he "does not pay attention that much to when [the field operators] do eat or what they eat," and he does not know what the field operators are doing when they spend time on the computer, how much time console operators or field operators spend in the kitchen, preparing food or eating it, or where the majority of operators eat their meals. Plaintiff has not worked in the Lab, the Terminal, or the Sulfur Recovery Plant (units all containing class members), and does not know how much time these workers spend working, how much free time they have, or how long their breaks last. Plaintiff also admittedly takes meal breaks, reads, and watches movies, which puts him in conflict with those who claim otherwise. (Rusche Dec., Ex. F (Burgess 74:19-76:10,55:18-56:11; 56:23-15, 58:11-17; 58:24-59:11, 16:11-17:11, 58:24-59:18; 45:17-20)).

Second, as previously stated, during counsel's meet and confer conference, Tesoro's counsel explained that the depositions were necessary because the potential deponents have different work and meal break experiences from Plaintiff. Tesoro specifically seeks testimony that there are no uniform policies or practices uniformly enforced regarding meal periods to defend itself at trial.

Third, the information Tesoro seeks through class member depositions is not available through other sources. Plaintiff's argument that Tesoro has relied on favorable testimony from supervisors and managers is off-base. In order to defend itself at trial,

JOINT STIPULATION RE PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

1   Tesoro must have the opportunity to demonstrate that class members are not subject to the

2   alleged uniform meal break policies Plaintiff claims exist.  Management testimony is not

3   sufficient because the Court, in granting certification, seemed not to credit such testimony as

4   it cited little to none of it.  (Le Decl. Ex. 3).  Further, Plaintiff predictably will argue that

5   management testimony is not as compelling as testimony directly from class members

6   admitting that there is no policy and that there are no uniformly enforced practices.  Third,

7   testimony established that class members are often working during their shift without

8   supervision.  (Rusche Dec., Ex. E at 13).

9        Finally, Plaintiff's argument that Tesoro had "unfettered access to all absent class

10  members" prior to certification is disingenuous at best.  Off the record interviews are hardly

11  equivalent to interviews under oath.  Further, as noted above, in the related lawsuit at

12  Tesoro's Golden Eagle Refinery in Martinez, California, which is also being pursued by

13  Plaintiff's counsel, Plaintiffs took the position prior to class certification that Tesoro could

14  not even take the depositions of putative class members on whose behalf Plaintiffs intended

15  to submit declarations before ultimately relenting and permitting Tesoro to take just two

16  depositions, and then only after their motion for class certification was filed.  (Rusche Dec.

17  ¶17.)  Additionally, this is a unique situation where the litigation is funded by the USW,

18  which Plaintiff's attorneys also represent. The USW would have undoubtedly objected to

19  and tried to control access to its members.  (Rusche Decl., Ex. N at ¶6).  Finally, discovery

20  cut-off date in this case is not until August 15, 2011, and Tesoro was under no obligation to

21  conduct all discovery necessary to prepare for trial prior to certification or pursuant to

22  Plaintiff's timetable.

23       Simply stated, due process requires that Tesoro be permitted to conduct a limited

24  number of depositions of class members not hand-selected by Plaintiff.

25              **iii.    Absent class members will not require the assistance**
                         **of counsel at their deposition.**

26

27  The class member depositions Tesoro seeks will not require the assistance of counsel

28  or any technical assistance "because the deponents can testify based on their personal

    knowledge … ."  *National Western*, 2010 U.S. Dist. LEXIS 123089, at *7.  Tesoro merely

seeks information from class members regarding their personal knowledge of their own and others' meal break practices.

### iv.    The depositions sought are not unduly burdensome.

Plaintiff next claims that compliance with the deposition subpoenas would be unduly burdensome to both counsel and the subpoenaed class members.  First, defending depositions not to exceed the limit imposed by Rule 30(a)(2)(A)(i) does not unduly burden Plaintiff's counsel.  Here, Tesoro is asking to depose two to eight class members for three hours each, requiring six to twenty-four hours of counsel's time (for a total of ten depositions in this case).  If Plaintiff's counsel does not have the capabilities to defend the federally prescribed number of depositions, then they are not adequate to represent the class and the class certification decision should be reversed.

Second, the subpoenaed class members will not be unduly burdened.  Tesoro seeks depositions not to exceed three hours be taken at Tesoro's Los Angeles Refinery where each class member is employed.  Further, not only has Tesoro agreed to limit the depositions to two or three hours, but it also agreed to take them during work hours and will pay the deponents their standard hourly rate for the time during which they are being deposed. (Rusche Decl. ¶ 22).  Plaintiff's argument that subjecting absent class members to deposition by their employer would force them to retain counsel is also disingenuous.  Even if the class members felt they needed representation to testify to events that are within their personal knowledge, Tesoro already asked Plaintiff's counsel if they would agree to represent the class members at the depositions.  (Rusche Decl. Ex. I).  Such representation allays all concern that any class member would be unduly burdened by having to provide testimony.

### c.    The Need To Conduct Discovery Does Not End At Class Certification.

Plaintiff's argument that Tesoro's purpose in seeking class member depositions for the purpose of "manufacturing evidence" for a motion to decertify is simply wrong.  First, the characterization that Tesoro seeks to "manufacture" evidence is a strange one, given that all discovery requests are an attempt to unearth new information.  Further, Tesoro seeks the

1    requested class member depositions to disprove Plaintiff's theory of the case in preparation

2    for trial, which courts allow. *National Western*, 2010 U.S. Dist. LEXIS 123089, at *7; *Brennan*,

3    450 F.2d at 1005. Specifically, Tesoro seeks evidence that purported uniform policies do not

4    exist and thus do not deprive class members of meal breaks, which is necessary for Tesoro's

5    defense at trial. Tesoro's counsel informed Plaintiff's counsel of this at the meet and confer

6    conference, yet Plaintiff chooses to present only his assertion that Tesoro's sole purpose in

7    seeking the requested discovery is to move to decertify. (Rusche Dec., ¶15-16). To the

8    extent Tesoro may ultimately use evidence from these depositions in its motion to decertify,

9    which will be based on different evidence and recent court decisions, that would not

10   preclude Tesoro's right to take discovery in preparation for trial or otherwise have any effect

11   on the legal basis of the motion to decertify.

12        Further, motions to decertify are not, as Plaintiff suggests, motions to reconsider.

13   Such motions are a commonly used and accepted practice, as courts are instructed to

14   continually reevaluate class certification decisions prior to trial. *Armstrong v. Davis*, 275 F. 3d

15   849, 872 n.28 (9th Cir. 2001) ("Federal Rule of Civil Procedure 23 provides district courts

16   with broad discretion to determine whether a class should be certified, and to revisit that

17   certification throughout the legal proceedings before the court."). While Plaintiffs argue

18   there is "simply no 'new evidence' that would warrant a reconsideration," a motion to

19   decertify does not depend on a showing of new law or facts. *Slaven v. BP Am., Inc.*, 190

20   F.R.D. 649, 652 (C.D. Cal. 2000) ("Because Defendants' motion [to decertify] assists the

21   Court in performing its roles as gatekeeper, or manager, of the class action, the motion

22   should not be denied on the ground that it impermissibly recounts old facts and law."). 

23   Thus, a class can be decertified absent new evidence and can be decertified on the eve of

24   trial. *Espenscheid v. DirectSat USA, LLC*, 2011 WL 2009967, at * 1, 7 (W.D. Wis. May 23,

25   2011) (decertifying class action because although "at a high level of generality, … the class

26   members perform similar job duties and are subject to the same corporate policies . . . , the

27   evidence shows that . . . class members have different work experiences and were affected by

28   defendants' policies in different ways.").

Further, as previously noted, the discovery cut-off in this case is not until August 15, 2011, and Tesoro is entitled to continue to seek discovery necessary for trial preparation until the discovery deadline.

### 3. Plaintiff's Proposed Limits On the Scope of the Depositions

Plaintiff's argument about time limits the Court should impose upon any depositions is essentially a non-issue. Tesoro already agreed several times that the depositions would be limited to two or three hours. (Rusche Decl. ¶ 15). Plaintiff's further request to limit the depositions to one and one-half hours is not controversial. Tesoro notes only that ninety-minutes of questioning is an extremely short period given the complicated nature of each position and the time consuming nature of exploring all of the variations in the deponents actual work demands, actual time actively spent performing job duties, time spent on meal breaks, activities engaged in during meal breaks, work experience, meal period practices and preferences, and the application of the purported meal period "restrictions." Evidencing this point is that the depositions Plaintiff conducted of Tesoro management and witnesses lasted on average three and a half hours. (Rusche Decl. ¶ 20). Therefore, Tesoro respectfully requests that it be provided at least the additional thirty minutes (2 hours total) to provide adequate opportunity to explore each topic.

Plaintiff's additional argument that the scope of the depositions be limited to information that is "not currently known by Tesoro and cannot be obtained from other sources" is meaningless, as they do not provide any guidance about how the depositions might be "appropriately focused." Regardless, as discussed in Section II(B)(2)(ii)(b) above, Tesoro needs the deposition of these individuals because there is no other available source who can testify about the deponents actual work demands, actual time actively spent performing job duties, time spent on meal breaks, activities engaged in during meal breaks, work experience, meal period practices and preferences, and the application of the purported meal period "restrictions." Given the short time limitations for the deposition, Tesoro has

///

///

no desire or ability to stray from these issues and agrees not to question the deponents about personal issues not related to the lawsuit.

Dated: June 21, 2011

**GILBERT & SACKMAN**
**A Law Corporation**

By: ___/s/ Nhu Q. Le_____
Nhu Q. Le
Attorneys for Plaintiff Benjamin Burgess

Dated: June 21, 2011

**SEYFARTH SHAW LLP**

By: ___/s/ Timothy M. Rusche_____
Timothy M. Rusche
Attorneys for Defendant Tesoro Refining
and Marketing Company

## **CERTIFICATE OF SERVICE**

I, Nhu Q. Le, certify that on <u>June 21, 2011</u>, the foregoing document entitled:

### **JOINT STIPULATION RE PLAINTIFF'S**
### **MOTION FOR PROTECTIVE ORDER**

was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case, in particular on the following:

Timothy M. Rusche
trusche@seyfarth.com

William Dritsas
wdritsas@seyfarth.com

Sara Poggi
spoggi@seyfarth.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 21, 2011, at Los Angeles, California.

<u>/s/ Nhu Q. Le</u>
Nhu Q. Le

Case No. 10-cv-05870 VBF (PLAx)