JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
LINDA S. FANG (CA Bar No. 240245)
(Email: lfang@gslaw.org)
NHU Q. LE (CA Bar No. 256999)
(Email: nle@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Tel: (323) 938-3000, Fax: (323) 937-9139

RICHARD ROUCO (*pro hac vice*)
(Email: rrouco@qcdwr.com)
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO**
2700 Highway 280 East, Suite 380
Birmingham, Alabama 35223
Tel: (205) 870-9989, Fax: (205) 803-4142

Attorneys for Plaintiffs Benjamin Burgess and Michael Irwin

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN BURGESS and MICHAEL IRWIN, individually and on behalf of all similarly situated current and former employees,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>TESORO REFINING AND MARKETING COMPANY, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 10-cv-05870 VBF (PLAx)<br><br>Assigned to Hon. Paul L. Abrams for Discovery Matters<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**<br><br>Date:　　　July 12, 2011<br>Time:　　　10:00 a.m.<br>Courtroom: G, 9th Floor<br><br>Discovery Cut-Off Date: August 15, 2011<br>Pre-Trial Conf. Date: October 24, 2011<br>Trial Date: November 8, 2011 |

**I.    THE BURDEN OF PROOF LIES WITH THE PARTY SEEKING DISCOVERY FROM ABSENT CLASS MEMBERS**

Tesoro's assertion that Plaintiff bears the burden of proof here, Joint Stipulation Re Plaintiff's Motion For Protective Order ("Joint Stip.") at 21, is incorrect. The sole authority upon which Tesoro relies for this claim, *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), does not address the burden of proof applicable to a party that wishes to seek discovery from absent class members. More relevant authorities unquestionably place the burden of proof on the party seeking such discovery. *See, e.g., McPhail v. First Command Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008) (proponent of discovery from absent class members required to show (1) the discovery is not designed to take undue advantage of class members or reduce the class size, (2) the discovery is necessary, (3) responding to the discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent). Indeed, where, as here, the requesting party seeks to depose absent class members, the burden confronting that party is even greater. *See In re World of Wonder Sec. Litig.*, 1992 WL 330411, *3 (N.D. Cal. Jul. 9, 1992).

**I.    TESORO HAS NOT MET ITS BURDEN**

Tesoro has failed to show either a particularized need for the requested depositions or that the information it seeks is otherwise unavailable, stating only vaguely that the absent class members it wishes to depose are, in various ways, "different" from Plaintiff. Joint Stip. at 20. Tesoro has failed to inform Plaintiff or the Court, of the specific units, crews, or supervisors associated with the two absent class members or articulate how any alleged "differences" will yield information that is different from that already provided in the 10 depositions and 13 declarations of its own supervisors and managers, the 16 declarations provided by class members representing virtually every unit at the refinery, and hundreds of pages of documents showing, for example, job descriptions, work duties, unit staffing, and relevant policies, that are already in evidence in this case. In addition, Tesoro has already deposed both named Plaintiffs in this case, and has informed Plaintiff

that if the Court denies its request to depose absent class members, it will proceed to depose eight other class members who submitted declarations. *See* Le Decl. ¶ 2.

Tesoro has simply failed to show why the presumptive prohibition against discovery from absent class members should not apply here. As in the instant case, every defendant in every employment law class action seeks to expose differences among class members to defeat certification, but this does not suffice to render discovery from absent class members routine or appropriate. *See World of Wonder*, 1992 WL 330411, at *2 ("Absent class members are not parties and separate discovery of individual class members not representatives is not ordinarily permitted"); *id.* at *6 (discovery of absent class members "highly irregular"); *Roberts v. Helm*, 130 F.R.D. 416, 423 (N.D. Cal. 1988) ("Discovery of non-named plaintiffs is both rare and usually inappropriate"). That depositions of hand-selected class members may be *helpful* to Tesoro does not establish that they are *necessary* or proper. *See In re FedEx Ground Package System, Inc.*, 2007 WL 733753, *7 (N.D. Ind. Mar. 5, 2007) ("While this Court agrees the [requested] discovery will certainly be relevant to the issues of class certification, *Brennan* requires that the discovery be necessary…. Fedex has failed to articulate a need for the discovery…. Mere relevant and helpfulness does not constitute a need.") (internal citations omitted).[1]

Tesoro relies on *Town of New Castle v. Yonkers Contracting Co., Inc.*, 1991 WL 159848, *2 (S.D.N.Y. Aug. 13, 1991), for its claim that depositions of absent class members are appropriate where the class representative admits that he lacks knowledge of class claims. Joint Stip. at 29. *Yonkers* does not support this proposition and is, in any

---

[1] Plaintiffs note that it is <u>Tesoro</u>, not Plaintiff or any absent class member, that has a legal duty to document the actual meal break practices of each employee. *See* IWC Wage Order 1-2001 § 7 (requiring employers to keep accurate records showing, *inter alia*, the start and end time of each meal period taken). Thus, the information Tesoro now seeks through the requested depositions, including evidence of whether Operators receive uninterrupted 30-minute breaks, is information that, by law, Tesoro should already have. Tesoro should not be permitted to rely on its own disregard of its legal obligations to justify the "highly irregular" discovery it requests. *See Tierno v. Rite Aid Corp.*, 2008 WL 1705089, *3, 6 (N.D. Cal. Jul. 8, 2008) (employer could not use unreliability of its own "self-audit forms" to justify deposing absent class members).

event, distinguishable.[2] That Plaintiff Burgess has not worked in every unit at the refinery and allegedly does not have knowledge of the "meal break practices" of other employees has no bearing on his adequacy as a representative. *Heffelfinger v. Elec. Data Systems Corp.*, 2008 WL 8128621, *16 (C.D. Cal. Jan. 7, 2008). Nor does this fact justify the discovery of non-participating absent class members. Again, Tesoro has had or will have the opportunity to depose up to eight other class members in addition to Plaintiffs, in addition to the other evidence discussed above, and has a more than ample record upon which it can rely to show supposed variations among class members.[3]

Tesoro also fails to show that the proposed discovery will not unduly burden absent class members or that it is for a proper purpose. Tesoro's claim that deposing the absent class members presents no concerns of harassment or intimidation is undermined by *Antoninetti v. Chipotle, Inc.*, 2011 WL 2003292, *2 (S.D. Cal. May 23, 2011) (discussing probable chilling effect of depositions on absent class members' willingness to be part of the class where the proposed deponents are employees of the defendant).

Finally, Tesoro cannot reasonably dispute the proposition that, under the circumstances presented here, any absent class members subject to depositions would require the assistance of counsel. Tesoro relies on *National Western*, which stated without discussion that, in that case, absent class members would not require the assistance of counsel because "the deponents can testify based on their personal knowledge." 2010 WL

---

[2] *Yonkers* involved a claim for fraudulent concealment, which the court recognized would raise "both common and individualized questions of fact." *Town of New Castle v. Yonkers Contracting Co., Inc.*, 131 F.R.D. 42-43 (S.D.N.Y. 1990). In granting class certification, the court had suggested that class discovery from individual class members would be necessary in deciding the issues. *Id.* at 42-43. Moreover, when ultimately ruling on the plaintiffs' motion precluding defendants from deposing absent class members, the court specifically limited the scope of discovery to the fraudulent concealment claim. *Yonkers*, 1991 WL 159848 at *2. In addition, unlike here, each class members in *Yonkers* had affirmatively chosen to become part of the class by "specifically authoriz[ing]" the litigation, *Id.* at 2, and, thus, they were not "absent" as they are here.

[3] Tesoro also suggests that Plaintiff Burgess is inadequate because he "takes meal breaks, reads, and watches movies," which purportedly raises a conflict of interest Joint Stip. at 29. However, <u>none</u> of the cited evidence supports this claim. *See id.* (and evidence cited therein). Nor does the evidence stand for the claim that Plaintiff Burgess "takes meal periods." *Id*. He merely testifies that he has had the <u>opportunity to eat food</u> every day in the past five years, and the opportunity to eat while working does not, by itself, satisfy the meal period laws.

4809330, at *2. However, that case is distinguishable in that the absent class members were not employees of the defendant. Where, as here, the proposed deponents are employees who will be testifying in a manner unfavorable to their employer, the need for counsel is clear. *See Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2009 WL 3378517, *4 (N.D. Ga. Oct. 19, 2009) (noting that appearing for deposition "would require the assistance of counsel for a substantial number, if not all," of the deponents); *McPhail*, 251 F.R.D. at 518 (denying discovery of absent class members where, *inter alia*, "Defendants have utterly failed to convince the Court that responding to the discovery requests would not require the assistance of counsel"); *Collins v. Int'l Dairy Queen*, 190 F.R.D. 629, 632 (M.D. Ga. 1999) (similar).

## II. PLAINTIFF'S DESIGNATION OF CLASS MEMBERS AS POTENTIAL WITNESSES DOES NOT DIMINISH TESORO'S HEAVY BURDEN

Apparently recognizing that it cannot meet its heavy burden to show that the requested depositions are necessary, Tesoro suggests that its burden is diminished by Plaintiff's designation of the entire putative class of Operators as potential witnesses and individuals likely to have discoverable information. Joint Stip. at 21-24. The cases cited by Tesoro are distinguishable in that each contemplated discovery from absent class members who were *specifically and individually* identified as witnesses. *See Antoninetti*, 2011 WL 2003292, at *1; *Mas v. Cumulus Media Inc.*, 2010 WL 4916402, *3 (N.D. Cal. Nov. 22, 2010); *Toney v. Rosewood Care Center, Inc.*, 62 Fed.Appx. 697, 699 (7th Cir. 2003).[4] Moreover, the relevant case law shows that even a party's *specific* identification of individual absent class members as potential fact witnesses does not affect that individual's status as an absent class member, or lessen the showing required for the requested discovery. *See Antoninetti*, 2011 WL 2003292, at *1; *see also Moreno v. Autozone, Inc.*, 2007 WL 2288165, *1 (N.D. Cal. Aug. 3, 2007).

---

[4] Tesoro's citation to *Puerto v. Superior Court*, 158 Cal.App.4th 1242 (2008), is inapposite. *Puerto* involved a defendant employer's refusal, on state constitutional privacy grounds, to provide the contact information of its employees to plaintiff's counsel, after the defendant's previous discovery responses had identified, *by name and job title*, about 3,000 individual members of the putative class as potential witnesses. *Puerto* is silent about a party's burden when seeking to depose absent class members.

In addition, Plaintiff's position that his designation of all Operators as possible fact witnesses does not render them non-absent class members, is not, as Tesoro asserts, inconsistent with his previous position that such designation was not in violation of his discovery obligations. Plaintiff provided the information available to him when he was required to serve Tesoro with his initial disclosures and discovery responses. Thereafter, within days of executing 16 declarations of putative class members, Plaintiff submitted these declarations with his class certification motion and simultaneously effectuated service of the same on Tesoro, thereby rendering any supplementation of his initial disclosures and discovery responses unnecessary. *See* Joint Stip., Exh. 3, at 10; *see also* Fed. R. Civ. P. 26(e)(10(A) (requiring supplementation only of "additional or corrective information [that] *has not otherwise been made known to the other parties during the discovery process or in writing*") (emphasis added). Because Plaintiff's positions are consistent, judicial estoppel does not apply.

### III. THE REQUESTED DISCOVERY IS NOT APPROPRIATE EVEN IF RELEVANT TO THE NAMED PLAINTIFF'S INDIVIDUAL CLAIMS.

Tesoro also insists, without citation to any authority, that it is entitled to depose absent class members regarding the individual claims of Plaintiff Burgess. The law is clear that "discovery of absent class members regarding *individual issues*, as opposed to common questions, is inappropriate," *Doe v. Ariz. Hosp. & Healthcare Assoc.,* 2009 WL 1423378, *14 (D. Ariz. Mar. 19, 2009), and Tesoro <u>admits</u> that the requested depositions are for the purpose of gathering information relevant to the *class* claims, not issues unique Plaintiff. *See* Joint Stip. at 28. Therefore, this argument should be rejected.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a protective order restricting Tesoro from conducting discovery for absent class members who have not filed declarations in this case.

Dated:  June 28, 2011                    GILBERT & SACKMAN, A Law Corporation

By:   /s/  Nhu Q. Le
         Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, Nhu Q. Le, certify that on <u>June 28, 2010</u>, the foregoing document entitled:

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

was filed electronically in the Court's ECF; thereby upon completion the ECF system automatically generated a "Notice of Electronic Filing" ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case, in particular on the following:

Timothy M. Rusche
trusche@seyfarth.com

William Dritsas
wdritsas@seyfarth.com

Sara Poggi
spoggi@seyfarth.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 28, 2010, at Los Angeles, California.

                                     /s/  Nhu Q. Le
                                      Nhu Q. Le

Case No. 10-cv-05870 VBF (PLAx)